THE STATE, EX REL. ANNA HERR v. PATRICK J. O'BRIEN,

A NON-RESIDENT DEFENDANT IN A BASTARDY PROCEEDING MAY CLAIM HIS EXEMPTIONS.

> A defendant in a bastardy proceeding whose earnings have been garnisheed, is entitled to his exemptions under the provisions of section 5430, Revised Statutes, even though such defendant be a non-resident

HAYNES, J.

A petition in error is filed in this court for the purpose of reversing the action of the court of common pleas in discharging a certain attachment in a case there pending wherein Anna Herr was plaintiff and O'Brien was defendant. The complaint filed in the common pleas was

CIRCUIT COURTS. **387**

The State, ex rel. Herr v. O'Brien.

one in bastardy, originally commenced before a magistrate, upon a sug-gestion or showing that the defendant was a non-resident of the state and could not be arrested within the state. The case was certified up to the common pleas and there proceedings were had in attachment, under the statute of the state of Ohio. The officer, not being able to come at any property of O'Brien's served a process of garnishment upon the Wabash Railway Company, in whose service O'Brien was. Afterwards O'Brien came into court and moved to "discharge the attachment and release said garnishee, the Wabash Railroad Company, from the order of garnishment in his action: *First*, that the grounds stated and set forth in the affidavit for attachment are untrue; and *Second*, that the property attached in this action is, under the law, exempt from attachment."

Upon the hearing the court ordered the attachment, as to the gar-nishee, to be discharged and the garnishee released from the effects of the garnishment, and thereupon a bill of exceptions was taken, setting forth the evidence presented to that court.

The question that is argued before us is, that the defendant, being a non-resident of the state, was not entitled to the benefits of the exemp-tion laws of the state of Ohio. It is very earnestly contended that they were not applicable to him, in a proceeding of this kind—that even if they were in a civil action, they were not in a proceeding of this nature, which was claimed to be of a quasi-criminal character. The exemption act section 5430, provides:

"Every person who has a family, and every widow, may hold the following property exempt from execution, attachment or sale, for any debt, damages, fine, or amercement, to-wit: * * *

"6. The personal earnings of the debtor, and the personal earnings of his or her minor child or children, for three months, when it is made to appear by affidavit of the debtor or otherwise, that such earnings are necessary to the support of such debtor, or of his or her family; and such period of three months shall date from the time of issuing any at-tachment or other process, the rendition of any judgment, or the making of any order, under which the attempt may be made to subject such earnings to the payment of a debt."

So far as the question is concerned whether that law would apply to a non-resident or not, in a civil action—that question has been settled for us in the supreme court of the state, in a decision which may be found in the case of *Sproul* v. *McCoy*, 26 O. S., 577:

"BY THE COURT: The exemptions from execution or sale allowed to every person who has a family, under the provisions of the act of April 16, 1873, (70 O. L., 132)," which is in fact, the act which I have just read—"may be claimed by any debtor against whom an action is pros-ecuted in the courts of this state, whether such debtor be or be not a resi-dent of this state."

Looking now at the question, whether the defendant in a bastardy proceeding should have the benefit of that act, we will turn to the bas-tardy act itself. Section 5627 provides:

"Such putative father, after having been confined in prison for the period of three months, for failing to comply with the order of the court provided for in the last section, shall be entitled to the benefits of the provisions of law relating to insolvent debtors, in the same manner as persons imprisoned for debt; but before such putative father shall re-ceive or be entitled to such benefits, he shall give at least three days'

notice to the complainant or her attorney of his intention to apply therefor.''

So that if the defendant had been arrested in this state, he would, after three months, have had a right to make application for the benefits of the provisions of the law applying to insolvent debtors.

Section 6361, makes this provision—among others:

''When any person, whether a resident in this state or not, shall be arrested, or be in custody of any sheriff, or other officer, on mesne or final process, in any civil action, the officer having such person in custody, if requested by him, shall go with such person before the commissioner of insolvents of the county where such person shall be arrested, or in custody,'' and * * * there he has to make out certain schedules and make certain disposition of his property, if any he has—and then it proceeds: ''Provided, however, that nothing herein shall be construed to · deprive any person of any right he may have to hold property exempt from the payments of his debts, or to require him to assign or surrender any such property or rights in action to the commissioners,'' * * * and it goes on to provide that a separate schedule is to be made etc., so that, if he had been a resident of the state, or arrested within the state being a non-resident, upon complying with the provisions of this act, he would have been entitled to the exemptions provided by the statutes of the state of Ohio.

Turning again to the bastardy act, section 5633, it was provided in regard to attachments that may issue: ''And attachments under this chapter shall be subject to the provisions of this title in reference to attachments in civil actions, and be governed in all respects thereby,'' that is to say—by the general attachment laws of the state of Ohio.

Section 5636 provides as follows: ''If, upon such trial, the accused be adjudged to be the reputed father of the child, the court shall order that unless the defendant within a day to be fixed by the court, pay the sum adjudged against him, with costs of prosecution, so much of the property remaining in the hands of the officer, after applying the money arising from the sale of perishable property, and so much of the personal property and lands and tenements, if any, as may be necessary to satisfy such order, be sold, under the same restrictions and regulations as if the *same had been levied on by execution*; the moneys arising therefrom, with the amount that may be recovered from the garnishee, shall be subject to the order and control of the court, and be applied to satisfy such order in such sums and at such times as the court may order and direct; if there be not enough to satisfy the same, the order of the court shall stand, and execution may issue thereon for the residue, in all respects as in judgments at law; and any surplus of attached property, or its proceeds, shall be returned to the defendant.''

We feel quite clear, from the provisions of these various statutes, that the defendant in this action was entitled to his exemptions under section 5430 and that the court of common pleas did not err in so holding and in discharging the attachment and releasing the garnishee, and for that reason, the judgment of the court of common pleas will be affirmed.

*M. B. Lemmon*, Attorney for Plaintiff in Error.

*Frank E. Wright*, Attorney for Defendant in Error